# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| FRANK GONZALES,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>KEN CLARK, Warden,<br><br>　　　　　　　　Defendants. | Civil No.　07-cv-00007-RTB (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT LIMITED DISCOVERY AND GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE**<br><br>**[Document No. 11]** |

On April 30, 2008, Petitioner Frank Gonzales, a state prisoner proceeding *pro se*, filed a Motion for Leave of Court to Conduct Limited Discovery. (Doc. 11). Petitioner requests that Respondent produce six documents and that the Court stay the deadline to file his traverse pending resolution of his discovery request. Id. at 7.

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) further states "a party requesting discovery

-1-

must provide reasons for the request."

Petitioner specifically requests the following documents: (1) a copy of the Rules Violation Report Log Number 05/FA-09-0160; (2) CDC Form 695 Inmate Appeal Screening Form dated December 15, 2005; (3) the November 9, 2005 FLSA sign-in sheet and other Pleasant Valley State Prison employment records; (4) the November 9, 2005 Isolation Segregation Logs; (5) the November 9, 2005 housing records retrieved from Offender Based Information System or Distribution Data Processing System; and (6) the November 9, 2005 Housing Unit D4 ASU Entrance Log for Third Watch. (Doc. 11 at 6).

On May 15, 2008, Respondent replied to Petitioner's Motion for Limited Discovery. (Doc. 13). Respondent contends Petitioner has failed to show good cause to support his discovery request and objects to Petitioner's document requests. Id. at 2-3. Nonetheless, in an effort to show good faith, Respondent provided Petitioner with the documents requested in Request Number One, Four, Five, and Six by attaching such documents to its Reply as Exhibits 1-10. Id. at 3-4; Exhibits 1-10. Respondent, however, refuses to produce documents responsive to Request Number Two and Three. Id. at 3. Respondent objects to Request Number Two on the ground it is irrelevant. Id. Respondent contends Petitioner was given the original copy of this document when his administrative appeal was rejected and Respondent no longer has a copy of the document. Id. Further, Respondent objects to Request Number Three on the grounds it is vague, overly broad, and irrelevant. Id. at 3. Respondent contends Petitioner has not alleged what relationship these documents have to the issue in the case. Id.

Here, Petitioner represents each document he has requested is relevant to counter Respondent's contention "Petitioner has procedurally defaulted his claim due to [a] purported lack of diligence in initiating his administrative appeal following the adjudication of guilt." Id. at 2. Petitioner asserts the documents he requests will show certain records were not provided to Petitioner on November 9, 2005, which would have "enabled [him] to file a timely administrative grievance challenging his unlawful adjudication of guilt." Id. at 3. Specifically, in Request Number Two, Petitioner requests the November 9, 2005 FLSA sign-in sheet and other employment records related to Officer E. Clark for that day in order to counter Respondent's contention Petitioner was served a final disciplinary report by Officer Clark on November 9, 2005. Id. at 6.

//

Accordingly, IT IS HEREBY ORDERED:

1. Good cause appearing, Petitioner's Request for Production of Document Number Two, the complete and full un-redacted copy of the CDC Form 695 Inmate Appeal Screening Form dated December 15, 2005, is hereby GRANTED. Respondent shall conduct a due diligent search and produce the responsive document.

By **March 27, 2009**, Respondent shall certify in a verified pleading: (a) that a diligent search and reasonable inquiry has been made in an effort to locate the document requested; (b) whether the responsive documents has been produced; and (c) if the responsive document has not been produced, the reason Respondent is unable to comply: e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. If the responsive document(s) was destroyed, Respondent shall state: (1) the date the file(s) was destroyed, (2) by whom, (3) for what reason, (4) by what method, and (5) whether a duplicate exists in any form and where.

2. Good cause appearing, Petitioner's Request for Production of Document Number Three, the November 9, 2005 FLSA sign-in sheet, is hereby GRANTED. However, Petitioner's request for "other employment records of Pleasant Valley State Prison's Facility 'A'" is vague and thereby DENIED. Respondent shall deliver the November 9, 2005 FLSA sign-in sheet to Petitioner by **March 27, 2009**.

3. Based on Respondent providing Petitioner with the documents requested in Request Number One, Four, Five and Six, Petitioner's Request for Production of Documents One, Four, Five and Six is hereby DENIED as moot.

4. With regard to extending the deadline to file his traverse, good cause appearing, the Court hereby GRANTS Petitioner's request. Petitioner may file his traverse, if any, on or before **April 10, 2009**.

DATED: March 12, 2009

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Roger T. Benitez
all parties